IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-177 |
| v. | ) | |
| | ) | |
| MICHAEL BENANTI, | ) | (VARLAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Strike Multiplicitous Counts [Doc. 37], filed on May 2, 2016. Defendant Benanti asks the Court to dismiss all but one of the three counts charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He argues that being a felon in possession of a firearm is a continuing offense and that multiple counts alleging a § 922(g) violation are multiplicitous in violation of his Fifth Amendment protection against double jeopardy.

The parties appeared for a hearing on all pending pretrial motions on June 2, 2016.[1] Assistant United States Attorney David P. Lewen and Steven H. Cook appeared on behalf of the Government. Attorneys Robert R. Kurtz and Richard L. Gaines represented the Defendant who was also present. The Court heard the arguments of counsel before taking the motion under advisement on that day. For the reasons discussed in full below, the undersigned finds that the Superseding Indictment is multiplicitous but that the remedy should be merger of any § 922(g) convictions after the trial.

---
[1] The Defendant's other pending motions [Docs. 32, 33, 34, 35, 38, 40, 41, 42, & 43] will be addressed by separate report and recommendation or memorandum and order.

## I. POSITIONS OF THE PARTIES

Defendant Benanti is charged [Doc. 30] with conspiring to obstruct, delay, or affect commerce by committing robbery and extortion with regard to commercial entities in Pennsylvania, Connecticut, Tennessee, North Carolina, South Carolina, and Georgia (Count One), and with possession of a firearm in furtherance of a crime of violence in relation to this conspiracy (Count Two). He is also charged with three sets of the following offenses: Bank robbery by extortion with use of a dangerous weapon (Counts Three, Ten, and Seventeen); use of a firearm in relation to the bank robbery by extortion (Counts Four, Eleven, and Eighteen); carjacking (Counts Five, Twelve, and Nineteen); use of a firearm in furtherance of carjacking (Counts Six, Thirteen, and Twenty); kidnapping (Counts Seven, Fourteen, and Twenty-one); using a firearm in furtherance of kidnapping (Counts Eight, Fifteen, and Twenty-two); and being a felon in possession of a firearm (Counts Nine, Sixteen, and Twenty-three). These charges arise out of the April 28, 2015 attempted robbery of the Y-12 Federal Credit Union in Oak Ridge, Tennessee; the July 7, 2015 robbery of the SmartBank in Knoxville, Tennessee; and the October 21, 2015 attempted robbery of the Northeast Community Credit Union in Elizabethton, Tennessee.

Defendant Benanti argues that Counts Nine, Sixteen, and Twenty-three, which each charge him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), are multiplicitous. He asserts that possession is a course of conduct, not an act, and that, thus, it is a continuing offense, which may only be punished once. He contends that convictions on all three counts would violate the Double Jeopardy clause of the Fifth Amendment by punishing him thrice for the same offense. The Defendant asks the Court to order the Government to elect which of the three § 922(g) counts on which it will proceed. Alternatively, he asks that the Court order the merger of these counts in the event that he is convicted of all three.

2

Although the Government agrees that the District Judge would merge convictions for all three § 922(g) counts, it opposes [Doc. 46] dismissal of any of the three § 922(g) counts pretrial. It contends that each of the three § 922(g) counts require different factual proof to be provided by different witnesses, because they relate to different dates and locations. Thus, the jury should be allowed to determine the Defendant's guilt as to each of the three counts and, then, if the Defendant is convicted of all three, they should be merged.

## II. ANALYSIS

The Fifth Amendment's prohibition against twice placing a defendant in jeopardy for the same offense shields the defendant from three potential harms: A "second prosecution for an offense after initial acquittal, second prosecution for an offense after an initial conviction, and 'multiple punishments for the same offense.'" United States v. Gibbons, 994 F.2d 299, 301 (6th Cir.1993) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). A multiplicitous indictment charges a single offense in multiple counts thereby infringing upon the third category, multiple punishments for a single offense. See United States v. Robinson, 651 F.2d 1188, 1194 (6th Cir.1981). Multiple, identically-worded counts raise the possibility of a conviction without the jurors' unanimous agreement on the facts for a particular count. See Valentine v. Konteh, 395 F.3d 626, 636 (6th Cir. 2005). Multiplicity in the indictment may also "unfairly suggest that more than one crime has been committed." United States v. Swafford, 512 F.3d 833, 844 (6th Cir. 2008).

In United States v. Jones, our appellate court grappled with the issue of the propriety of multiple convictions for being a felon in possession of a firearm.[2]  533 F.2d 1387, 1389-92 (6th Cir. 1976).  As observed by Defendant Benanti, the court held that "[p]ossession is a course of conduct, not an act[.]"  Id. at 1391.

> [B]y prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm.  If Congress had wished to punish each act of dominion it could have done so easily by forbidding the acts of dominion instead of the course of conduct.

Id.  The Sixth Circuit has continued to hold that "a person may not be convicted twice for continuous and uninterrupted possession of the same weapon."  United States v. Sanders, Nos. 93-4322, 94-3021, 1994 WL 714377, *1 (6th Cir. Dec. 22, 1994) (per curiam); see also United States v. Ford, No. 89-3841, 1990 WL 54228, *3 (6th Cir. Apr. 30, 1990) (holding that [b]ecause Ford's possession of the gun was continuous and uninterrupted, it constitutes a continuing offense within the meaning of Jones, and only one conviction may stand").

The Government agrees that if the Defendant is convicted of all three § 922(g) counts, these three convictions would merge into a single conviction for sentencing purposes.  However, the Government opposes a pretrial election of a single § 922(g) count.  The Defendant maintains that the Court has the discretion to require the Government to elect one of the three § 922(g) counts on which to proceed, a remedy which will in no way prejudice the Government.  He contends that failure to require the Government to so elect, pretrial, could give the jury the false impression that he has committed multiple crimes.  He argues that post-trial merger of the three § 922(g) counts creates a high risk of unfair prejudice to the Defendant.

---

[2] The Court in Jones analyzed 18 U.S.C. § 1202(a), an earlier statute prohibiting the possession of a firearm by an individual previously convicted of a felony.

4

The Government directs the Court to United States v. Throneburg, in which our appellate court held that the trial court did not abuse its discretion in waiting to merge counts charging felon in possession of a firearm and felon in possession of ammunition until after the trial. 921 F.2d 654, 656 (6th Cir. 1990). In so holding, the court observed that "counts which require other factual proofs—are appropriate separate units of prosecution for purposes of trial, although they would merge for purposes of sentencing." Id. In the instant case, the three § 922(g) counts relate to events occurring on April 28, 2015; July 7, 2015; and October 21, 2016. The Government contends that these different instances of Defendant Benanti possessing a firearm occurred in different locations and in the presence of different witnesses. The undersigned finds that, even more than in Throneburg, in which ammunition was discovered in the defendant's pocket and a firearm on the seat of his car during a single traffic stop, the instant § 922(g) counts involve distinct factual proof.

Moreover, the Defendant's argument that the jury will be negatively influenced by the higher number of counts does not carry the day. The usual remedy in the face of conviction of multiplicitous counts is merger. See Maxwell v. United States, 617 F. App'x 470, 475 (6th Cir. 2015). Our appellate court has observed that upon a finding of multiplicitous counts of felon in possession of a firearm, the Supreme Court did not remand for a new trial in order to cure any residual prejudice to the Defendant; but, instead, vacated the multiplicitious counts, leaving a single conviction intact. Id. (citing Ball v. United States, 470 U.S. 856, 865 (1985)). The court in Maxwell concluded that a review of this Supreme Court decision, as well as the decisions of our sister circuits on this issue,

> suggest that a convicted defendant seeking to show prejudice must show more than the mere knowledge on the part of the jury that the defendant faced multiple charges. Indeed, if the jurors' knowledge

5

of multiple charges sufficed, the exception would swallow the rule: every multiplicitous indictment would result in trial prejudice.

Id. Moreover, the undersigned observes that the risk of unfair prejudice to Defendant Benanti from the jury hearing of three § 922(g) counts, rather than a single § 922(g) count, is diminished by the fact that the Defendant has twenty other serious charges pending against him. Accordingly, the Court finds that the appropriate remedy for the multiplicitous counts in the Superseding Indictment is for the District Judge to merge all § 922(g) convictions, if any, after the trial.

### III. CONCLUSION

After carefully considering the parties' filings and arguments and the relevant legal authorities, the Court finds that although the three § 922(g) counts are multiplicitous, the appropriate remedy is the merger of all § 922(g) convictions after the trial. Accordingly, the undersigned respectfully **RECOMMENDS** that the Defendant's Motion to Strike Multiplicitous Counts **[Doc. 37]** be granted in part, in that three § 922(g) convictions be deemed multiplicitous, and denied in part, in that all convictions for violations of § 922(g), if any, be merged following trial, rather than the counts stricken pretrial.[3]

Respectfully recommended,

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).