IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-177 |
| v. | ) | |
| | ) | |
| MICHAEL BENANTI, | ) | (VARLAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared for a motion hearing on June 2, 2016, on the following motions[1] by the Defendant:

(1) Motion for Bill of Particulars [Doc. 38],

(2) Motion for Pretrial Notice of Government's Intent to Use 404(b) Evidence [Doc. 40],

(3) Motion for Pretrial Notice of Government's Intent to Use 609 Impeachment Evidence [Doc. 41],

(4) Defendant's Motion to Preclude Introduction of Prior Convictions [Doc. 42], and

(5) Motion for Administration of Juror Questionnaire [Doc. 43].

Assistant United States Attorneys David P. Lewen and Steven H. Cook appeared on behalf of the Government. Attorneys Robert R. Kurtz and Richard L. Gaines represented the Defendant who

---

[1] The Court also heard evidence and argument on the Defendant's other pending motions, which have been addressed in separate reports and recommendations.

was also present. After hearing the arguments of counsel, the Court took the motion under advisement on that day. The Court now addresses each of the Defendant's motions in turn.[2]

## I.  BILL OF PARTICULARS

The Defendant moves [Doc. 38] for the Court to order the Government to provide a bill of particulars, clarifying the nature of the charges by specifying the following:

> (1) In Count Nine, identify the firearm that Defendant Benanti is alleged to have possessed on or about April 28, 2015;
>
> (2) In Count Sixteen, identify the firearm that Defendant Benanti is alleged to have possessed on or about July 7, 2015; and
>
> (3) In Count Twenty-three, identify the firearm that Defendant Benanti is alleged to have possessed on or about October 21, 2015.

The Defendant contends that without this particularization, he cannot prepare to defend against the charges at trial and is vulnerable to a double jeopardy violation.

The Government responds [Doc. 46] that it has provided Defendant with discovery including disclosure of all firearms seized and has made them available for defendant's inspection. It argues that to require the Government to identify specific firearms would require it to disclose its evidence and theories.

At the June 2 hearing, AUSA Lewen stated that the Government had provided six guns to the Defendant, which he identified as two sawed-off shotguns, two "AR's," and two semi-automatic pistols.

---

[2] The Court also heard the Government's request for timely notice of any alibi per Federal Rule of Criminal Procedure 12.1. Defense counsel indicated that he was still investigating this issue. The Court ordered that any alibi notice be given by **June 16, 2016**.

2

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "fully, directly, and expressly[.]" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landham, 251 F.3d at 1079. Moreover, the statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487(1888)); Landham, 251 F.3d at 1079.

Federal Rule of Criminal Procedure 7(f) states that "[t]he court may direct the government to file a bill of particulars" and that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not

3

entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other gnds by stat., United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

In the instant case, the Court finds that the Government has identified six guns that it will use at trial as evidence of Counts Nine (9), Sixteen (16), and Twenty-Three (23). The Court finds that a bill of particulars is unnecessary with regard to these six guns because the Defendant received the information he has requested through discovery. The Court determines that the Defendant is capable of preparing his defense to Counts Nine (9), Sixteen (16), and Twenty-Three (23) and that the Government is not required to provide additional particularization through a bill of particulars with regard to these counts. Accordingly, the Motion for Bill of Particulars [**Doc. 38**] is **DENIED**. However, if the Government intends to use, refer to, or seek to admit evidence of other firearms (known or unknown, seized or not seized), then the Government must provide a bill of particulars with regard to these additional firearms, lest the Defendant be misled and surprised. If the Government intends to refer to any firearms, other than the six firearms mentioned at the June 2 hearing, it must provide a bill of particulars identifying these firearms within fourteen (14) days of the entry of this Memorandum and Order.

## I. PRETRIAL NOTICE OF INTENT TO USE 404(b) EVIDENCE

The Defendant asks [Doc. 40] the Court to order the Government to provide written pretrial notice of any other crimes, wrongs, or acts the Government intends to introduce against the Defendant at trial. He argues that he needs this notice as soon as possible, but no less than thirty days before trial, in order to object to the admissibility of the proposed 404(b) evidence

4

and to prepare to defend against it. He also requests an off-the-record, jury-out hearing before the introduction of any 404(b) evidence to determine whether the probative value of this evidence substantially outweighs its prejudicial effect. The Government responds [Doc. 46] that the Defendant has demonstrated no basis to extend the seven-day pretrial notice required by the Court in its Order on Discovery and Scheduling.

At the June 2 hearing, the Defendant expressed concern regarding the potential volume of 404(b) evidence. AUSA Lewen denied there was such volume but stated that if it turned out that the Government would seek to offer much 404(b) evidence, he would talk with defense counsel about providing disclosure before the current seven-day deadline for pretrial notice.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 15, ¶ I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. The Defendant has given no compelling need for an earlier notice, except to state his "concerns." Thus, the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling. Accordingly, the Defendant's Motion for Pretrial Notice of Government's Intent to Use 404(b) Evidence [**Doc. 40**] is **DENIED as moot** in light of the fact that the Order on Scheduling and Discovery already adequately provides for pretrial notice of the Government's intention to introduce 404(b) evidence. However, should the Government determine that it will introduce a substantial amount of 404(b) evidence or "intrinsic evidence" (as referenced in Defendant's Brief [Doc. 46, pg. 51-52]), then the Government must give the Defendant fourteen (14) days pretrial notice of such evidence. If

there is a question regarding whether the volume of evidence constitutes "substantial" evidence, the Government may seek the Court's guidance by way of a motion.

### III. PRETRIAL NOTICE OF IMPEACHMENT EVIDENCE

The Defendant moves [Doc. 41] the Court pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure to require the Government to give written pretrial notice of any impeachment evidence that it intends to use at trial pursuant to Rule 609 of the Federal Rules of Evidence. The Defendant asks that this notice be provided as soon as possible so that the Defendant might have the opportunity to object to its admissibility before trial and to prepare to defend against it at trial. The Government objects [Doc. 46] to the production of impeachment evidence because (1) the Government is not privy to the Defendant's witness list and (2) Rule 609 is a rule of evidence, not a discovery tool.

At the June 2 hearing, AUSA Lewen stated that it is a fair assumption that he would seek to impeach the Defendant with all of his prior convictions.

Rule 609 of the Federal Rules of Evidence outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction. This rule does not require the Government to give pretrial notice that it intends to use this type of evidence, except that it must give notice of its intention to use a conviction that is over ten years old. See Fed. R. Evid. 609(b). Nor do the Federal Rules of Criminal Procedure require the Government to disclose the information at issue. See Fed. R. Crim. P. 12, 16. Nevertheless, the Defendant's prior convictions have already been disclosed in the Pretrial Report prepared by the United States Probation Office. The Government represents that it intends to impeach the Defendant with all

of his prior convictions. Accordingly, the Court finds that the Defendant has received the pretrial notice he seeks. Moreover, the Court agrees with the Government that the admissibility of any impeachment evidence under Rule 609 cannot be assessed until such evidence is offered in the context of the Defendant's testimony. Accordingly, the Defendant's motion [**Doc. 41**] is **DENIED**. If the admissibility of such evidence becomes an issue at trial, the parties shall, out of the presence of the jury, advise the District Judge, so that the admissibility of the proposed evidence can be determined at that juncture.

### IV. PRECLUSION OF PRIOR CONVICTIONS PER OLD CHIEF

Under Old Chief v. U.S., 519 U.S. 172 (1997), the Defendant moves [Doc. 42] the Court to prohibit the Government from introducing his prior criminal convictions or any references to those convictions. He states that he is willing to stipulate to his prior convictions. Thus, he argues that prejudice from evidence of his prior convictions is great and could only be used to show his propensity to commit crimes. The Government responds [Doc. 46] that it is also willing to enter into a stipulation that on the date charged in the Indictment, the Defendant had been previously convicted of a felony. It asserts that such stipulation would alleviate the need for substantive proof of the Defendant's prior convictions, which are otherwise admissible as an element of the charged offense. It contends that such stipulation must be in writing and signed by the Defendant and his counsel. The Government contends that it will prepare this and other routine stipulations before trial.

The Court finds that the parties have agreed to stipulate to the Defendant's status as a felon. Accordingly, the Defendant's Motion to Preclude Introduction of Prior Convictions [**Doc.**

7

**42**] is **GRANTED**. Any problems with entering into the stipulation must be brought to the Court's attention immediately.

## V. JUROR QUESTIONNAIRE

The Defendant asks [Doc. 43] the Court to distribute a juror questionnaire to all potential jurors prior to the jurors assembling at the courthouse and to permit counsel for both parties to review the questionnaires before voir dire in this case. He contends that a juror questionnaire will help insure the selection of a competent, unbiased, and impartial jury by preventing potential jurors from tainting the jury pool with their responses to voir dire. The Defendant has attached a proposed questionnaire [Doc. 43-1] to his motion. The Government responds [Doc. 46] that it has no objection to the Defendant's proposed juror questionnaire.

The United States Supreme Court has held that Rule 24(a) of the Federal Rules of Criminal Procedure grants federal judges "ample discretion in determining how best to conduct voir dire." Mu'Min v. Virginia, 500 U.S. 415, 423 (1991). Thus, as a general rule, matters relating to the selection and seating of jurors are within the sound discretion of the trial judge. Accordingly, the question of whether to permit the agreed juror questionnaire [**Doc. 43**] is **DEFERRED** to Chief Judge Varlan.

## VI. CONCLUSION

Accordingly, it is **ORDERED**:

> (1) The Defendant's Motion for Bill of Particulars [**Doc. 38**] is **DENIED**. However, if the Government intends to refer to any firearms, other than the six firearms mentioned at the June 2 hearing, it must provide a bill of particulars identifying these

8

firearms within fourteen (14) days of the entry of this Memorandum and Order;

(2) The Defendant's Motion for Pretrial Notice of Government's Intent to Use 404(b) Evidence [**Doc. 40**] is **DENIED as moot**. However, if the Government subsequently decides to introduce a *substantial amount* of 404(b) evidence or "intrinsic evidence" at trial, then the Government must give the Defendant fourteen (14) days pretrial notice of such evidence;

(3) The Defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 41**] is **DENIED**;

(4) The Defendant's Defendant's Motion to Preclude Introduction of Prior Convictions [**Doc. 42**] is **GRANTED** pursuant to the agreement of the parties;

(5) The Defendant's Motion for Administration of Juror Questionnaire [**Doc. 43**] is **DEFERRED** to Chief Judge Varlan; and

(6) At the June 2, 2016 motion hearing, the Court **ORDERED** that the Defendant provide any notice of alibi by **June 16, 2016**.

**IT IS SO ORDERED.**

ENTER:

　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

9

Case 3:15-cr-00177-TAV-CCS   Document 69   Filed 10/13/16   Page 9 of 9   PageID #: 1215