IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-177 |
| v. | ) | |
| | ) | |
| MICHAEL BENANTI, | ) | (VARLAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to

28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the

District Court as may be appropriate. This case is before the undersigned on the Defendant's

Motion for Issuance of a Subpoena *Duces Tecum* [Doc. 52], filed on September 9, 2016.

Defendant Benanti asks the Court to issue a subpoena *duces tecum* to the Blount County Jail and

Henderson County, Kentucky Jail, directing these facilities to produce the recorded jail telephone

conversations[1] of his codefendant Brian Witham with Witham's girlfriend Kathy McGrath. The

Defendant contends that he needs access to these recordings in order for counsel to listen to the

fifteen hours of recorded telephone conversations before trial. He argues that these recordings are

evidentiary, relevant, necessary to his trial preparation, and requested in good faith. The

---

[1] He also asks for Witham's email and letters to Kathy McGrath. However, the Court has no
evidence that Witham sent email or letters to Ms. McGrath or that the jails retain copies of these
items, particularly the letters. Accordingly, the Court will limit its analysis to the recorded jail
telephone conversations.

1

Government opposes [Doc. 53] the Defendant's request, arguing that, at most, the recorded calls are relevant to impeach Defendant Witham's testimony and that such is not a permissible use of a subpoena *duces tecum*.

The parties appeared for argument on this motion on September 30, 2016. Assistant United States Attorney David P. Lewen appeared on behalf of the Government. Attorneys Richard L. Gaines and Robert R. Kurtz represented the Defendant, who was also present. The Court heard the parties' argument, asked the parties to file supplemental briefs on whether the recorded telephone conversations are "statements" under the Jencks Act, and permitted the Defendant to file an *ex parte* memorandum, explaining how the requested recordings are relevant to his defense. The Defendant filed his supplemental brief [Doc. 62] on October 7, 2016, and the Government responded [Doc. 66] on October 11, 2016. The Defendant filed the *ex parte* memorandum [Doc. 64] and six exhibits on October 7, 2016. He also filed an additional exhibit [Doc. 83] on November 11, 2016.

After receipt of the parties' briefs and exhibits, the Court took the matter under advisement. For the reasons discussed below, the Court finds that the Defendant may not gain the recorded jail telephone conversations through a subpoena *duces tecum*. However, the Court also finds that the Government should produce the recordings as early Jencks Act materials.

## I.     ITEMS SOUGHT

At the September 30 hearing, AUSA Lewen stated there are audio recordings of sixty (60) telephone calls between Witham and Ms. McGrath, each lasting approximately fifteen (15) minutes, for a total of fifteen (15) hours of recorded telephone conversations. He stated that

the Government had reviewed these recorded conversations and that they contained nothing helpful to the defense. He said that while the Government was required to turn over <u>Giglio</u> (impeachment) materials, nothing in the recorded conversations at issue were <u>Giglio</u> material at this point, because Witham had not testified. Mr. Gaines said that the defense had asked the Government for the recordings, but the Government had declined to disclose them. Mr. Gaines stated that the Defendant needed these recordings in order to be prepared to impeach Witham's testimony at trial and because they are relevant and material to a defense theory, which he revealed to the Court in an *ex parte* filing. He argued that the Government has listened to and analyzed all of these recording and that it is unfair to deny the Defendant access to them in time to prepare for trial.

## II. ANALYSIS

With regard to the production of documents or objects, Rule 17 of the Federal Rules of Criminal Procedure provides generally that

> [a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). The Court may quash or modify a Rule 17 subpoena upon a motion promptly made if "compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). In assessing the propriety of a Rule 17 subpoena, the Sixth Circuit follows the standard formulated by the Supreme Court in <u>United States v. Nixon</u>, 418 U.S. 683, 699 (1974):

3

> [P]roduction pursuant to Rule 17(c) is appropriate where it is shown
> that: (1) the documents are evidentiary and relevant; (2) they are not
> otherwise procurable, with due diligence, in advance of trial; (3) the
> party cannot properly prepare for trial without such production and
> inspection in advance of trial; and (4) the application was made in
> good faith and is not a fishing expedition.

United States v. Hughes, 895 F.2d 1135, 1146 (6th Cir. 1990). Rule 17(c) is not intended to be

used as a discovery device. Nixon, 418 U.S. at 702; see also United States v. Justice, 14 F. App'x

426, 432 (6th Cir. 2001). "A subpoena *duces tecum* must be reasonable, specific, and the

documents requested must be relevant." Justice, 14 F. App'x at 433 (citing Bowman Dairy Co. v.

U.S., 341 U.S. 214, 220 n.5 (1951) and United States v. Kalter, 5 F.3d 1166, 1169 (8th Cir. 1993)).

In the instant case, the crux of the disagreement appears to be over whether the

recorded jail conversations are admissible at trial for anything other than to impeach Witham.

However, the Court discerns a problem even more basic. Rule 17(h) provides that "[n]o party may

subpoena a statement of a witness or of a prospective witness under this rule." Instead, "Rule 26.2

governs the production of the statement." Fed. R. Crim. P. 17(h). Rule 26.2(f) defines a "witness's

'statement' [as]:

(1) a written statement that the witness makes and signs, or otherwise
    adopts or approves;

(2) a substantially verbatim, contemporaneously recorded recital of the
    witness's oral statement that is contained in any recording or any
    transcription of a recording; or

(3) the witness's statement to a grand jury, however taken or recorded,
    or a transcription of such a statement.

4

In the instant case, the Court must first determine whether the recorded jail telephone calls are statements by Witham under Rule 26.2(f)(2). If they are statements pursuant to Rule 26.2(f)(2), then Rule 17(h) prohibits their production pursuant to a subpoena *duces tecum*.

The Defendant argues that the recorded jail conversations are not "statements" for purposes of Rules 17(h) and 26.2(f)(2), because they were not made in furtherance of an investigation. The Government responds that neither Rule 17(h), nor Rule 26.2, nor any case or other authority, requires that statements considered to be Jencks Act materials be made in furtherance of an investigation. The Court agrees with the Government on this point. The recorded jail telephone conversations of Witham fall squarely within the plain language of Rule 26.2(f)(2): The recordings of Witham's jail conversations are recordings containing a verbatim and contemporaneous recital of Witham's oral comments to Ms. McGrath. The Court observes that the plain language of Rule 26.2(f)(2) does not require that the recorded statement be made in furtherance of an investigation.[2] Moreover, the Jencks Act, 18 U.S.C. § 3500, on which Rule 26.2 was based, does not require that the witness statement be made to a government agent or in furtherance of the government's investigation.[3]

The Defendant acknowledges that the definition of a statement in Rule 26.2(f) does not expressly require that the statement be made to a law enforcement officer or in furtherance of

---

[2] The Court observes that Rule 26.2(f)(3) implies an investigation because, in that subsection, the statement must be to a grand jury.

[3] The Court notes that in an unpublished case, the Sixth Circuit analyzed whether the Government's failure to turn over a tape recording of a conversation between two witnesses was a Jencks Act violation that required a new trial. United States v. Dorman, 108 F. App'x 228, 241 (6th Cir. 2004). The parties conceded and the court assumed that the recording was a statement under the Act. Id.

an investigation, but he argues that his interpretation is "necessary to account for Fed. R. Crim. P. 17(c) and subsequent judicial interpretations." [Doc. 62, pp.2-3] However, the cases cited by the Defendant do not persuade the Court to depart from the plain language of Rule 26.2(f)(2). The Defendant cites to language in Palermo v. United States, explaining that the Jencks Act "requires that no statement of a government witness made to an agent of the Government and in the Government's possession shall be turned over to the defense until the witness has testified on direct examination." 360 U.S. 343, 349 (1959). The undersigned observes that following the Supreme Court's decision in Palermo, Congress amended the Jencks Act "to include all statements of government witnesses, rather than only those made to agents of the government[.]" Charles Alan Wright & Peter J. Henning, 2A Federal Practice and Procedure, § 437, at 248 (2009). Moreover, the rule for disclosure of witness statements in Rule 26.2(a) sweeps more broadly, because it applies to statements by defense witnesses as well as statements by witnesses for the prosecution. See Fed. R. Crim. P. 26.2(a). The Court can envision numerous instances in which defense witnesses make "statements" under Rule 16.2(f) that do not involve a government agent and are not part of the government's investigation.

Because the recorded telephone conversations between Defendant Witham and Ms. McGrath are "statements" as that term is defined in Rule 26.2(f)(2), the Court finds that Rule 17(h) prohibits the Defendant from gaining the recordings pursuant to a subpoena *duces tecum* under Rule 17(c).[4] Thus, the Defendant's Motion for Issuance of Subpoena *Duces Tecum* [Doc. 52] is

---

[4] The Court also finds that the denial of a subpoena *duces tecum* comports with Judge Collier's analysis in United States v. Ihsaan Al-Amin, No. 1:12-CR-50, Doc. 55 (July 25, 2013). In Al-Amin, Judge Collier sets out four requirements for the issuance of a subpoena *duces tecum*: (1) the Court must authorize it, (2) the materials requested must be returned to the Court on a

6

**DENIED**.  However, the Court's analysis does not end here.  At the September 30 hearing, Mr. Gaines asked that, if the Court determined the recorded jail conversations are statements under the rules for Jencks Act materials, that the Court order the Government to disclose the fifteen hours of recorded jail conversations early, so that the defense had time to listen to them before trial.

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2(a).  The Sixth Circuit has upheld the government's right under this statute to withhold witness statements until after the witness testifies:  "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988).  Accordingly, our appellate court has held that a "district court could not use its inherent power to compel the government to produce Jencks Act material prior to trial."  United States v. Perkins, No. 12–11–DLB–EBA, 2014 WL 3436074, *13 (E.D.Ky July 11, 2014) (citing United States v. Algie, 667 F.2d 569, 572 (6th Cir.

---

specific date, (3) the materials submitted pursuant to the subpoena *duces tecum* shall be maintained by the Court, and (4) the materials that are the subject of the subpoena *duces tecum* must be admissible in evidence.  Judge Collier observes that the fourth requirement excludes materials sought for investigatory or impeachment purposes.  After reviewing the *Ex Parte* Proffer of Defendant in Support of Motion for Subpoena [Doc. 72] and exhibits the Court finds that the Defendant is not able to clear the hurdle that the requested materials be admissible in evidence.  Accordingly, even if the recorded jail telephone conversations at issue did not fall within Rules 17(h) and 26.2(f)(2), the Court would deny the request for a subpoena *duces tecum*.

7

1981)).  Accordingly, the Defendant's oral motion for the Court to *order* the Government to disclose the recorded telephone conversations prior to trial is **DENIED**.

Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial.  See United States v. Minsky, 963 F.2d 870, 876 (6th Cir. 1992).  Additionally, this Court's Order on Discovery and Scheduling [Doc. 15, ¶O] also encourages the early production of Jencks Act materials "as soon as possible and well before the testimony of the government witness in order to avoid undue interruptions of trials."  However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witness's testimony to disclose the Jencks material.  See United States v. Algie, 667 F.2d 569, 572 (6th Cir. 1981).  One such reason is to prevent the defendant from endangering or intimidating the government's witness.

In the present case, Defendant Benanti faces charges of bank robbery, extortion, kidnapping, and carjacking in conjunction with the robbery and attempted robberies of two credit unions and a bank.  [Doc. 30] In addition to the dangerousness inherent in and alleged in the charges, the Court observes that the Government has recently argued that the Defendant is a danger to himself and other inmates and jail personnel in its response [Doc. 91] to the Defendant's request for access to a laptop computer in the jail.  The Court does not discount the dangerousness inherent in the charges or raised in the Government's response.  However, the undersigned observes that

8

the Government's witness, Defendant Witham,[5] and Defendant Benanti, are both detained in separate jails. The Court also finds that due to the length and number of recorded telephone conversations, defense counsels' review of these materials following Witham's testimony at trial will cause a significant delay. It will take defense counsel two workdays to listen to the fifteen hours of recorded jail telephone conversations. Thus, the Court finds that disclosure of the recorded jail telephone conversations between Witham and Ms. McGrath two weeks prior to trial would be appropriate in this case. The Government is *strongly encouraged* to disclose the requested recorded jail telephone conversations between Witham and Ms. McGrath to defense counsel on or before **Tuesday, January 17, 2017**.

### III. CONCLUSION

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion for Issuance of a Subpoena *Duces Tecum* [**Doc. 52**] is **DENIED**, because the recorded jail telephone calls of Codefendant Brian Witham and Kathy McGrath cannot be gained pursuant to a subpoena *duces tecum*;

(2) The Court also finds that the recorded jail telephone calls of Codefendant Brian Witham and Kathy McGrath are the statements of Witham and, thus, are Jencks Act material;

(3) The Defendant's oral motion for the Court to *order* the Government to disclose recorded jail telephone conversations before trial as early Jencks materials must be **DENIED**; and

---

[5] It is not clear whether Ms. McGrath will be a witness for the Government. However, Defendant Benanti's motion states that counsel for Benanti have interviewed her [Doc. 52, p.6], and no allegations of intimidation have been raised. Moreover, Defendant Benanti is detained.

9

(4) The Government is *strongly encouraged* to provide the recorded jail telephone conversations of Witham and McGrath to defense counsel on or before **January 17, 2017,** to permit defense counsel time to listen to the fifteen hours of recorded conversations without significantly delaying the trial.

**IT IS SO ORDERED.**

ENTER:


        s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

10