IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-177-TAV-CCS |
| | ) | |
| MICHAEL BENANTI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The Defendant has moved [Docs. 153 & 158] the Court to permit him to participate as co-counsel on a motion for new trial or, alternatively, to allow him to represent himself, while his current defense counsel remain as elbow counsel. This case came before the Court on May 3, 2017, for a motion hearing on Defendant Benanti's pro se Motion to be Granted Co-counsel Status or Motion to Proceed Pro Se [Doc. 153] and Motion to Deny Strike Request [Doc. 158], which were filed on March 24, 2017, and April 26, 2017, respectively, and referred [Docs. 157 & 160] to the undersigned on April 21 and 27, 2017. *See* 28 U.S.C. § 636(b). Assistant United States Attorneys David P. Lewen and Kelly A. Norris appeared on behalf of the Government. Attorneys Robert R. Kurtz and Richard L. Gaines represented the Defendant, who was also present.

Attorneys Kurtz and Gaines have represented Defendant Benanti, since his January 29, 2016 initial appearance in this case, through the litigation of numerous pretrial motions, and at his trial in early February 2017. A jury found Defendant Benanti to be guilty of twenty-three counts, and his sentencing hearing is scheduled for July 25, 2017. On March 8, 2017, Defendant Benanti filed a pro se Motion for [New] Trial – Rule 33 [Doc. 151], and he attempted to amend this motion on March 24, 2017, by filing a pro se Motion to Refile and Amendment the Motion

for New Trial Rule 33 [Doc. 154]. The Government has filed two motions [Docs. 152 & 156] to strike these and Benanti's other pro se filings, because they violate Local Rule 83.4(c), which prohibits an individual from filing in his or her own behalf when represented by counsel. Chief Judge Varlan is holding [Doc. 157] the Defendant's pro se motions [Docs. 148, 149, 150, 151, & 154] and the Government's motions to strike [Docs. 152 & 156] in abeyance, until the matter of the Defendant's representation is resolved.

At the May 3 hearing, Mr. Kurtz stated that he had met with Defendant Benanti and discussed the Defendant's basis for a motion for new trial. He said the Defendant strongly believes that his stated grounds for the motion are well taken and should be heard. Mr. Kurtz said that he and Mr. Gaines do not believe that the Defendant's motion is appropriate, declined to file the motion on behalf of the Defendant, and do not adopt the pro se motion/amended motion[1] filed by the Defendant. Mr. Kurtz said he was unaware of any precedent in this district for a defendant proceeding as co-counsel while represented by counsel. He stated that such an arrangement would create an inherent conflict of interest because his duty to represent the Defendant would conflict with his legal analysis on the issues raised in the pro se motion for new trial. Mr. Kurtz stated that the Defendant has limited access to legal research to support his claims in his motion for a new trial. He said that for four hours per day, the Defendant, along with the other inmates of the jail, has access to a kiosk on which he may conduct legal research. Mr. Kurtz raised the issue of his exposure to an ineffective assistance of counsel claim for assisting the Defendant with legal research, if acting as co-counsel on the Defendant's pro se motion for a new trial.

---

[1] Mr. Kurtz stated that the Defendant intends for the pro se amended motion for a new trial [Doc. 154] to replace his initial pro se motion for a new trial [Doc. 151].

AUSA Lewen argued that, while the Court could permit the Defendant to represent himself on the pro se motion for new trial, with Mr. Kurtz and Mr. Gaines representing him at sentencing, it should not exercise its discretion to do so. First, he noted that such an arrangement (permitting a defendant to represent himself on a motion that his counsel refuses to bring) subverts defense counsel's ability to screen out frivolous claims. AUSA Lewen asserted that the proposed hybrid representation would create a bad precedent for a defendant choosing "buffet-style" to represent himself on some matters, while being represented by counsel on others. With regard to the instant case, he argued that the pro se motion for a new trial/amended motion for a new trial appears to be merely another basis for objecting to the denial of his motion to suppress evidence, which motion has already been litigated and preserved for appeal.

AUSA Lewen also argued that hybrid representation would deprive him of a clear point of contact with whom to communicate—he cannot communicate with the Defendant directly, because he is represented by counsel, yet the Defendant also represents himself on a matter, on which he has no attorney. Additionally, AUSA Lewen contended that permitting the proposed hybrid representation would create the opportunity for the Defendant to delay the July 25 sentencing hearing. The Government objects to continuing that hearing and forcing the victims, who are ready to testify, to wait even longer for a resolution of this case. Finally, AUSA Lewen argued that the Court should not permit hybrid representation in this case because the Defendant would not adhere to the limits for self-representation carved out by the Court. He played an audio recording of a jail telephone call, in which Defendant Benanti stated that being co-counsel on his case meant that current counsel would be there to help him but he could "do whatever [he] want[ed]." AUSA Lewen said this recording reveals that the limits of any hybrid representation must be sharply drawn to prevent the Defendant from abusing this opportunity.

Mr. Kurtz stated that, if the Court denies his request for hybrid representation, Defendant Benanti is asking to represent himself on the remainder of his case. He said that the Defendant also asks for time to file a brief on his motion for a new trial. He said given the time limitations on Benanti's ability to perform legal research, the Defendant needed additional time to find case law to support his arguments. The Defendant asked the Court for three weeks to revise and narrow his motion for a new trial. Mr. Kurtz said that while he was very uncomfortable with the hybrid representation suggested, the Defendant's interest in preserving the issue raised in his pro se motion for new trial trumped his attorneys' discomfort.

The undersigned conducted a modified *Faretta/McDowell* litany with Defendant to determine whether the Defendant's decision to represent himself on the motion for new trial was knowing and voluntary. *See Faretta v. California*, 422 U.S. 806, 835 (1975) (holding that a criminal defendant may proceed *pro se* if his or her decision to do so is voluntary and intelligent); *United States v. McDowell*, 814 F.2d 245, 251-52 (6th Cir. 1987) (approving a list of questions designed to explain the obligations and difficulties of *pro se* representation) The Defendant stated that he understood that the Court was considering allowing him to represent himself on his motion for new trial based upon prosecutorial misconduct but not permitting him to represent himself at sentencing or otherwise on his case. The Defendant agreed to this arrangement. He said he understood that if he represented himself on the motion for a new trial that he alone would be responsible for the arguments on the merits of this motion, that he was giving up any claim of ineffective assistance of counsel on this motion, and that he was on his own with regard to this motion. The Court instructed the Defendant that his retained counsel could not give him legal advice on the motion for a new trial and could not do legal research for him, although they can get a copy of a case for him, if he provides them with the case name and citation.

In response to the Court's questions, Defendant Benanti stated that he had a paralegal degree, although he had never represented himself in a criminal case. Defendant Benanti said he was not familiar with the Federal Rules of Criminal Procedure or the Federal Rules of Evidence. The Defendant acknowledged that he would have to abide by those rules if he represented himself. The Court advised the Defendant that in representing himself, he could potentially say or write things that would be detrimental to him at sentencing or on appeal. The Court advised him that if he chose to represent himself on the motion for a new trial, it is not required to provide him with any additional access to a law library and that the July 25 sentencing hearing would not be continued. Finally, the Court advised the Defendant that, even though this situation is unique because the Defendant would have to forego the pro se motion for new trial, individuals are always better off being represented by trained counsel.

A criminal defendant in a felony case has a Sixth Amendment right to counsel or to represent himself. *Faretta*, 422 U.S. at 818-19. However, "[i]t is well-settled that there is no constitutional right to hybrid representation." *United States v. Cromer*, 389 F.3d 662, 681 n.12 (6th Cir. 2004).

> The right to defend *pro se* and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other. While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

*United States v. Conder*, 423 F.2d 904, 908 (6th Cir.) (internal citations omitted), *cert. denied*, 400 U.S. 958 (1970). Thus, the decision whether to permit a defendant to both represent himself and be represented by counsel is a matter of the Court's discretion, *not* a matter of right. *Cromer*, 389

F.3d at 681 n.12; *United States v. Mosely*, 810 F.2d 93, 98 (6th Cir. 1987). Such discretion has very rarely been exercised to permit hybrid representation in this Circuit, and hybrid representation may have never been previously permitted in this district. This extreme reservation about permitting hybrid representation is well warranted:

> There are obvious justifications for the refusal to allow hybrid representation in criminal trials, regardless of the legal experience of the defendant. The potential for undue delay and jury confusion is always present when more than one attorney tries a case. Further, where one of the co-counsel is the accused, conflicts and disagreements as to trial strategy are almost inevitable.

*Mosely*, 810 F.2d at 98 (affirming the trial court's refusal to allow defendant to participate as co-counsel, even though defendant was a trained attorney and a former judge). The undersigned and counsel for both parties are justifiably concerned about permitting hybrid representation in this case and about setting a precedent for hybrid representation in future cases.

The Court finds that the instant case qualifies as that most rare of occasions in which the Court should exercise its discretion to permit a type of hybrid representation for the following reasons: (1) The request for hybrid representation is for a post-trial motion, so there is no chance for jury confusion. (2) The Defendant is only asking/permitted to represent himself on an isolated issue in a single motion. (3) A motion for a new trial appears to be the only vehicle for the Defendant to get his issue before the Court, outside of a collateral motion alleging the ineffective assistance of counsel in failing to bring this motion after his direct appeal. (4) The Court finds that the Defendant has knowingly and voluntarily waived his right to counsel with regard to the motion for a new trial. (5) The Court finds that the Defendant understands that counsel will not be able to assist him on the motion for a new trial, thus alleviating the concerns about conflicts in strategy between defense counsel and the Defendant. (6) The Court finds that the Defendant understands

that he is waiving a future argument that his counsel were ineffective with regard to the motion for new trial because he is representing himself on that motion. (7) Finally, the Court finds that the Defendant understands that his sentencing hearing *will not be continued or delayed* in order to extend the litigation of the motion for new trial. The finding that hybrid representation is appropriate in this case is based upon the unique facts and circumstances herein.

According, the Defendant's requests [**Docs. 153 & 158**] are **GRANTED in part**, in that the Court exercises its discretion to permit the Defendant to represent himself only on his motion for a new trial [presently Doc. 154]. Attorneys Kurtz and Gaines will continue to represent Defendant Benanti at sentencing and the remainder of this case, and Defendant Benanti will not be co-counsel or engage in hybrid representation on sentencing matters. The Defendant is on his own in representing himself on the motion for new trial, which means that Attorneys Kurtz and Gaines cannot advise him with regard to the substance of this motion, cannot conduct legal research on this motion, and cannot argue this motion for him. Attorneys Kurtz and Gaines are permitted to assist Defendant Benanti in representing himself only as to the technical or procedural aspects of filing his motion for new trial. The Defendant's request [**Doc. 158**] to deny the Government's motions to strike is **DENIED** at this time, because that matter is pending before the District Judge.

The Defendant's oral request for additional time to revise, narrow, and refile his pro se motion for new trial is **GRANTED**. The Defendant must file his amended motion for a new trial on or before **May 24, 2017,** and this filing will *replace* (not supplement) his earlier pro se filings [Docs. 151 & 154]. The Government's deadline for responding to this motion is **June 5, 2017**. The Defendant may file a reply to the Government's response on or before **June 12,**

**2017.** This schedule is not subject to extension because such would interfere with the July 25 sentencing hearing.[2]

**IT IS SO ORDERED.**

ENTER:

_____s/ C. Clifford Shirley, Jr.___
United States Magistrate Judge

---

[2] While the Defendant's pro se motion for transcription [Doc. 150] is not before the undersigned, the Defendant was advised that his deadline for refiling his motion for new trial would not be extended to permit him to wait for transcription. The Court noted that the Defendant should consult with Mr. Kurtz and/or Mr. Gaines about which witnesses' testimony he needs transcribed and supplement the record with that testimony when it becomes available. The Court is not making a determination as to whether the Defendant is indigent at this time.