UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CR-177-TAV-CCS |
| MICHAEL BENANTI, | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for new trial [Doc. 169]. The government responded in opposition [Doc. 171], and the defendant replied [Doc. 179]. The defendant also filed a motion for leave to file late exhibits [Doc. 187], motions to amend/supplement his reply [Docs. 181, 194], and a motion to postpone his sentencing, set for July 18, 2017 [Doc. 193]. For the reasons discussed herein, the Court will deny the defendant's motion for a new trial and will decline to postpone his sentencing.[1] The Court, however, will consider the defendant's late-filed exhibits and his amended replies.

---

[1] The Court notes that, based on its prior analysis set forth in the June 7, 2017, Order [Doc. 172], it could strike the defendant's motion to postpone his sentencing from the record. *See* Local Rule 83.4(c) (providing that "[w]henever a party has appeared by attorney, that party may not thereafter appear or act in his . . . own behalf in the action or proceeding, unless an order of substitution shall first have been made by the Court"). Regardless, however, the Court finds that the defendant's motion for postponement is now moot because the Court will deny the defendant's motion for a new trial herein, and the Court does not find that it "need[s] more time to evaluate [the defendant's] claims" set forth in his motion for a new trial [Doc. 193 p. 2]. Thus, it will deny the defendant's motion [Doc. 193] as moot.

**I.      Background[2]**

The defendant was charged with conspiracy to commit robbery and extortion (Count One); possession of a firearm in furtherance of the conspiracy (Count Two); attempt to commit bank extortion (Counts Three and Seventeen); use of a firearm in furtherance of attempt to commit bank extortion (Counts Four and Eighteen); bank extortion (Count Ten); use of a firearm in furtherance of bank extortion (Count Eleven); carjacking (Counts Five, Twelve, and Nineteen); use of a firearm in furtherance carjacking (Counts Six, Thirteen, and Twenty); kidnapping (Counts Seven, Fourteen, and Twenty-One); use of a firearm in furtherance of kidnapping (Counts Eight, Fifteen, and Twenty-Two); and being a felon in possession of a firearm (Counts Nine, Sixteen, and Twenty-Three) [Doc. 30]. On January 31, 2017, the defendant proceeded to a jury trial [Doc. 120], and on February 14, 2017, the jury found the defendant guilty on all counts [Doc. 143].

On May 9, 2017, the Honorable Magistrate Judge C. Clifford Shirley, Jr. ruled that the defendant may represent himself with regard to his motion for a new trial, but the defendant's attorneys continue to represent him on all other matters [Doc. 163 p. 7]. Judge Shirley also allowed the defendant to file an amended motion for new trial, which would replace his prior *pro se* filings [Docs. 151, 154]. Thus, the Court will rule exclusively on the substance of the defendant's latest-filed *pro se* motion [Doc. 169].

---

[2] The Court presumes familiarity with the background of this case.

## II. Standard of Review

Rule 33 of the Federal Rules of Criminal Procedure provides that, "[u]pon the defendant's motion, the [C]ourt may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).[3] The decision to grant a Rule 33 motion is left to the sound discretion of the Court, *United States v. Wheaton*, 517 F.3d 350, 361 (6th Cir. 2008), and the defendant bears the burden of proving that a new trial should be granted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994).

## III. Analysis

In support of his motion, the defendant argues that the Court should grant him a new trial based on alleged prosecutorial misconduct. Specifically, he contends that the prosecution acted improperly in three primary manners: (1) including false statements in a search warrant affidavit and reiterating such falsities during a related suppression hearing,[4] (2) concealing evidence of a third perpetrator, and (3) vouching for the credibility of government witness and co-defendant Brian Witham during closing arguments. The Court will address each of these arguments in turn, and it will then consider certain miscellaneous claims made by the defendant.

---

[3] Rule 33(b)(1) states that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict of finding guilty or not guilty," and Rule 33(b)(2) provides that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1), (2). Seeing as the government does not oppose the defendant's motion based on timeliness, however, the Court will consider the defendant's motion timely-filed.

[4] The defendant fails to explain how these alleged falsities qualify as prosecutorial misconduct.

### A. False Statements in Search Warrant Affidavit

First, the defendant argues that the government submitted knowingly false statements in a search warrant affidavit for 380 Allison Drive ("Southern Comfort") and that the government reinforced these falsities at a later evidentiary hearing [Doc. 169 pp. 4–5]. In particular, the defendant claims that the government misconstrued global positioning system ("GPS") data extracted from a GPS unit found in the Ford Edge abandoned during a high-speed chase [*Id.* at 6]. According to the defendant, the GPS data merely showed tracks on Rebel Ridge Road, not tracks directly leading to 124 Rebel Ridge Road. Thus, the defendant contends that the government agent made a false statement when he wrote that the GPS revealed "a track to the address of 124 Rebel Ridge Road," and the government improperly reinforced this false statement during the June 2, 2016, suppression hearing before Judge Shirley [*Id.* at 7–8]. The defendant claims that these falsities were "the only link between the GPS and 124 Rebel Ridge Road" and that the false statements were, therefore, material to the issuing magistrate's finding of probable cause to search Southern Comfort [*Id.* at 11].

The defendant also argues that the affidavit: (1) falsely stated that two men placed a deposit on Southern Comfort, (2) inaccurately described surveillance conducted at Southern Comfort, and (3) falsely alleged that law enforcement identified Witham as the

driver of the Ford Edge. He specifically requests a *Franks* hearing on this matter [*Id.* at 6 (citing *Franks v. Delaware*, 438 U.S. 154 (1978))].[5]

In response to this argument, the government asserts that the defendant has demonstrated nothing more than potential "minor inconsistencies that do not negate the finding of probable cause," which is inadequate to justify a *Franks* hearing [Doc. 171 p. 2]. The government notes that neither the affidavit nor the prosecution during oral argument claimed that the GPS included a way point at 124 Rebel Ridge [*Id.* at 3]. Rather, both alleged several tracks that led to and around the address [*Id.*].

With regard to the issue of whether the affidavit incorrectly stated that two men placed a deposit on Southern Comfort, the government asserts that the defendant's "hyper-technical parsing of the affidavit's words regarding the information provided by Melissa Pless does not render the affidavit false or misleading" [*Id.* at 4]. As to the affidavit's description of the surveillance of Southern Comfort, the government contends that the defendant merely alleges that surveillance notes reflect multiple visitors at Southern Comfort, while the affidavit states that there were two men at the cabin, which does not demonstrate falsity [*Id.* at 4–5]. Finally, the government contends that the defendant's conclusory assertions with regard to law enforcement officers' identification of Witham, and other miscellaneous arguments, fail to meet *Franks*'s requirements [*Id.* at 5–8].

---

[5] *See Franks*, 438 U.S. at 155–56 (stating that a court must hold a hearing where a defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and "the allegedly false statement is necessary to the finding of probable cause").

Indeed, a "defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). The defendant must "point to specific false statements that he claims were made intentionally or with reckless disregard for the truth"; "accompany his allegations with an offer of proof"; and "provide supporting affidavits or explain their absence." *Id.* Even where a defendant meets these requirements, he will still lose his challenge if, "absent the challenged statements, there remains sufficient content in the affidavit to support a finding of probable cause." *Id.* "The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) (en banc). In short, a defendant "cannot succeed in his challenge to the search warrant by demonstrating non-material negligence, carelessness, and innocent mistakes." *United States v. Ayen*, 997 F.2d 1150, 1153 (6th Cir. 1993).

The Court finds that the defendant has not met the heavy burden required in order to receive a post-trial *Franks* hearing, or to receive a new trial based on the alleged falsities. At most, the defendant has presented minor inconsistencies in the descriptions of GPS points, accounts of how many men placed a deposit on Southern Comfort, and reports of who came and went from the cabin during surveillance. The defendant provides no evidence either that these differing statements were made intentionally or recklessly, or that they were material to the magistrate judge's finding of probable cause.

For instance, the defendant argues that Trooper Shelton testified at trial that he did not identify either the defendant or Witham in a photo line-up following the chase on September 3, 2015, and the search warrant affidavit stated that the North Carolina State Highway Patrol ("NCSHP") trooper identified Witham as the driver who fled during the earlier chase [Doc. 181 pp. 1–2]. The Court recalls, however, that the NCSHP trooper testified that the driver of the vehicles on September 3, 2015, and on November 25, 2015, appeared to be the same person. The affidavit portion quoted by the defendant could have been in reference to the trooper's identification of the driver during pursuit, rather than his potential identification during a photo line-up. Thus, the defendant has not demonstrated that this possible, slight inconsistency renders the affidavit statement "fabricated, utterly false and made with reckless disregard for the truth" [*Id.* at 2].

Furthermore, most of the defendant's complaints concern details that the defendant prefers to have been included in the search warrant affidavit, and the exclusion of minor facts does not invalidate an affidavit. *See Allen*, 211 F.3d at 975. Defense counsel raised the majority of the defendant's arguments with respect to the search warrant affidavit during pre-trial suppression proceedings [Docs. 33, 34, 48, 76, 86], and the defendant has not provided good cause for the Court to rehash these issues.

In sum, the Court is not persuaded that the defendant's recitation of alleged "non-material negligence, carelessness, and innocent mistakes" within the search warrant affidavit justifies a new trial, and the Court will deny his motion on this ground. *See Davis*,

15 F.3d at 531 (stating that the defendant bears the burden of proving that a new trial should be granted).

### B. Concealment of Third Perpetrator

Next, the defendant argues that the government knowingly concealed the existence of a third actor in the criminal enterprise and inaccurately perpetuated the idea of a two-man scheme or, as he refers to it, the "deceptive union" between the defendant and Witham [Doc. 169 p. 14]. He claims that the government knew that two white men did not rent Southern Comfort, as there "was no evidence of this" [*Id.* at 15]. Instead, the defendant alleges, the government ignored evidence that at least four men resided at the cabin and participated in the criminal activity [*Id.* at 16–17].

In response to this argument, the government states that it "has never concealed the fact that other individuals associated with [the] defendant and Witham may have been ostensibly connected to, or participated in, their offense conduct" [Doc. 171 p. 8]. Indeed, the government did not ignore the potential presence or participation of other individuals in the criminal enterprise either at trial or in its filings with the Court [*See, e.g.*, Doc. 46 pp. 3, 6]. The government even presented Kathy McGrath—whom the defendant claims was improperly dismissed as a suspect—as a witness during trial [Doc. 171 p. 9]. Although the government chose not to indict Ms. McGrath as a co-defendant in this matter, the defendant fails to demonstrate why this was an abuse of prosecutorial discretion or how this materially affected his trial. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) (submitting that the decision of whether to prosecute and what charges to bring "generally

rest in the prosecutor's discretion"). Consequently, the Court finds that the defendant has failed to prove why justice necessitates the granting of a new trial on this ground as well.

### C. Lending Credibility to Witham

The defendant also argues that the government improperly lent credibility to Witham's testimony [Doc. 169 p. 22]. He contends that Witham had an inappropriate "familiarity" with the prosecution because he referred to Assistant United States Attorney David Lewen ("AUSA Lewen") by his first name [*Id.*]. The defendant also notes that AUSA Lewen stated during his closing argument that the defense "didn't lay a hand on Witham" as a witness [*Id.* at 24]. The defendant argues that this statement improperly lent credibility to Witham's testimony, which the defendant argues was perjury [*Id.* at 1, 23]. He contends that the government was aware of false statements made by Witham and nevertheless permitted, even "bribed," Witham to testify [*Id.* at 24].

In determining whether alleged prosecutorial misconduct warrants a new trial, the Court must look first to whether statements by the prosecutor were improper and then determine whether the impropriety was flagrant. *Cristini v. McKee*, 526 F.3d 888, 899 (6th Cir. 2008). When determining the nature of impropriety, the Court considers:

> (1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong.

*Id.* (quoting *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001)). Any alleged improper remarks by the prosecutor must be considered "within the context of the entire

9

trial to determine whether [they] resulted in prejudicial error." *Cristini*, 526 F.3d at 901. Statements that are reasonable inferences drawn from the evidence and the defendant's arguments are permissible. *See Byrd v. Collins*, 209 F.3d 486, 535–36 (6th Cir. 2000). Conversely, improper vouching occurs when a prosecutor communicates his personal belief in the witness's credibility or implies that he has knowledge of facts not before the jury related to the witness's truthfulness. *See United States v. Carroll*, 26 F.3d 1380, 1388 (6th Cir. 1994). Moreover, in order to succeed in his argument that the government knowingly permitted perjured testimony, the defendant must show that: (1) the statements were actually false; (2) the statements were material; and (3) the prosecution knew them to be false. *See United States v. Hunter*, 558 F.3d 495, 504 (6th Cir. 2009); *United States v. Benton*, 64 F. App'x 914, 920–21 (6th Cir. 2003).

Evidence discussed by the defendant meets neither the requirements for proving that the government knowingly proffered false testimony, nor the standard for improperly lending credibility to a witness's testimony. While the Court assumes that the testimony of Witham was material, "[m]ere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony." *United States v. Scarborough*, 43 F.3d 1021, 1026 (6th Cir. 1994) (internal quotation marks and citation omitted). And while the defendant contends that the government must have known that Witham was committing perjury, he has not provided evidence of falsity or evidence that the government knew that Witham's statements were false. If Witham's testimony seemed inconsistent or

contradictory at times, it was the province of the jury to weigh the credibility of the witness and the facts.

The specific statement by AUSA Lewen noted by the defendant, in which Lewen purportedly compared Witham to a "prized boxer," also did not improperly lend credibility to Witham's testimony. This single remark during closing arguments appears to have merely summarized the government's interpretation of the evidence, and it did not result in apparent prejudice to the defendant. *See Cristini*, 526 F.3d at 889; *Byrd*, 209 F.3d at 536. Furthermore, the evidence presented by the government against the defendant at trial was quite strong. Thus, based on the factors set forth in *Cristini*, the Court finds that— even when taken as true—the prosecutorial misconduct alleged by the defendant was not "so pronounced and persistent that [the misconduct] permeate[d] the entire atmosphere of the trial," and a new trial is not, therefore, warranted on this ground. *United States v. Bond*, 22 F.3d 662, 667 (6th Cir. 1994); *see also United States v. Grey Bear*, 883 F.2d 1382, 1392 (8th Cir. 1989) ("[P]rosecutors, as well as defense lawyers, may and must argue as to the credibility of witnesses. . . . The very nature of closing argument requires a detailed analysis of the testimony of each witness and the inferences to be drawn from the evidence.").

### D. Remaining Miscellaneous Arguments

Additionally, the defendant sets forth several undeveloped arguments, including assertions that the government improperly: (1) manipulated the media, (2) breached the defendant's attorney-client privilege with his counsel, (3) influenced witnesses, (4)

prematurely closed investigation into the matter, and (5) excluded Kathy McGrath as a suspect. The defendant makes blanket assertions concerning these accusations and repeats much of the evidence presented by defense counsel at trial [Doc. 169 pp. 19–21]. The Court does not find, therefore, that he has met his burden in demonstrating that justice requires a new trial on the foregoing miscellaneous grounds. *Davis*, 15 F.3d at 531; *see Maxwell v. United States*, No. 2:03-CR-72, 2009 WL 3615077, at *5 (E.D. Tenn. Oct. 28, 2009) (asserting that a claim wholly consisting of "general conclusions of law without substantiating allegations with fact is without legal merit").

In sum, the defendant has not met the stringent standard required by a Rule 33 motion, and the Court will, therefore, deny his motion for a new trial. *Davis*, 15 F.3d at 531; *Wheaton*, 517 F.3d at 361.

### IV. Conclusion

For the reasons discussed herein, the Court hereby **DENIES** the defendant's motion for new trial [Doc. 169]. Furthermore, the Court **DENIES as moot** the defendant's motion for an extension of time to file reply [Doc. 176], seeing as the defendant timely filed his reply to the government's response. The Court hereby **GRANTS** the defendant's motions to amend his reply [Docs. 181, 194] and to file late exhibits [Doc. 187], in that the Court considered the defendant's amendments and exhibits in deciding his motion for new trial.

The Court also **DENIES** the defendant's earlier-filed motions for new trial [Docs. 151, 154], based on Judge Shirley's Order that the defendant's latest motion would replace all of his prior *pro se* motions [*See* Doc. 163 p. 7 (stating that the defendant's new motion

will "replace (not supplement) his earlier pro se filings")]. Finally, the Court hereby **DENIES as moot** the government's motions to strike the defendant's filings [Docs. 152, 156] and the defendant's motion to postpone his sentencing [Doc. 193]. The defendant's sentencing shall remained scheduled for **Tuesday, July 18, 2017, at 10:00 a.m.**

IT IS SO ORDERED.


                             s/ Thomas A. Varlan
                             CHIEF UNITED STATES DISTRICT JUDGE