UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CR-177-TAV-CCS |
| MICHAEL BENANTI, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on defendant's *pro se* motion for reconsideration [Doc. 259]. In this motion, defendant requests reconsideration of the Court's December 12, 2017, order [Doc. 257] denying defendant's *pro se* motion for ruling on an alleged outstanding motion [Doc. 256]. In the motion for ruling on the outstanding motion [Doc. 256], defendant claims that this Court failed to rule on a request for an evidentiary hearing on alleged prosecutorial misconduct in its order denying defendant's request for a new trial [Doc. 199].

This Court did, in fact, consider and deny defendant's request for an evidentiary hearing on prosecutorial misconduct [*See id.*]. When defendant moved for a ruling on the "outstanding motion," this Court then reaffirmed its previous consideration and subsequent denial of the defendant's request [*See* Doc. 257]. Defendant now, yet again, asks this Court to consider his previous requests for an evidentiary hearing on prosecutorial misconduct, which the Court will, yet again, deny. The Court will now articulate, for a third time, why

defendant's request for an evidentiary hearing on alleged prosecutorial misconduct will be denied.

**I.     Analysis**

While the Federal Rules of Criminal Procedure do not provide for a motion to reconsider, courts ruling on motions to reconsider ordinarily evaluate such motions under the same standards that govern a civil motion to alter or amend a judgment under Federal Rules of Civil Procedure 59(e).  Under Rule 59(e), a motion for reconsideration is generally appropriate when there has been an intervening change of controlling law, previously unavailable evidence has become available, or it is necessary to correct a clear error of law or prevent manifest justice.  *United States v. Titterington*, No. CR.2-20165, 2003 WL 23924932, at *1 (W.D. Tenn. May 22, 2003).  A motion to reconsider should not be used as an opportunity to rehash the same arguments presented in the original motion.  *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997).

Defendant herein has presented no change of controlling law, no newly available evidence, and no clear error of law or manifest injustice.  Instead, he has restated his arguments from his original motion for a new trial and evidentiary hearing [Doc. 169]. These arguments have included that the prosecution knowingly used perjured testimony, concealed the possibility of a third perpetrator, and included improper statements lending credibility to a witness during closing argument [Doc. 259].  This Court addressed each of these allegations both in its order denying the defendant's motion for a new trial [Doc. 169]

and in its order denying his motion for ruling on the purported outstanding motion [Doc. 256].

In defendant's present motion, he makes the same arguments concerning the perjured statements and concealed third perpetrator as he did in his previous motions [*See* Docs. 169, 256]. Yet, he claims this Court has "overlooked" the alleged perjured statements from Agent Blanton, Trooper Reynolds, and Brian Witham at the June 2, 2016, evidentiary hearing and again at the trial that took place from January 31, 2017, to February 14, 2017 [*Id.*]. Despite defendant's claim that this Court "overlooked" his claims of perjured testimony, this Court previously addressed and dismissed these claims [Doc. 199]. The statements made by Agent Blanton and Trooper Reynolds related to the alleged false statements in the search warrant affidavit. Specifically, both the evidentiary hearing statements and affidavit statements had to do with the GPS technology. As this Court has already noted, defendant has only presented minor inconsistencies in the description of GPS points [*Id.* p. 6]. Defendant provides no evidence that these differing statements were made intentionally or recklessly [*Id.*].

Defendant also cites other alleged perjured statements by Agent Blanton at the June 2, 2016, evidentiary hearing. Other than conclusory statements, claiming "there was no evidence," defendant has failed to show how Agent Blanton perjured himself [Doc. 169 p. 15]. His main complaint is that the agent and prosecution referred to defendant and Brian Witham as a single unit. Defendant provides no evidence to counter the prosecution's characterization of the defendant and Brian Witham as a team. In fact, his original motion

3

for a new trial and evidentiary hearing on prosecutorial misconduct is a series of allegations without any support.

Defendant provides no support for other allegations of perjured statements. He claims Brian Witham perjured himself because his testimony deviated from the testimony of victims [*Id.* p. 11]. However, he does not explain why the victims' perceptions necessarily rendered Witham's statements false. Additionally, even if these statements were false, it would not have materially affected the outcome of the trial. To establish a claim of prosecutorial misconduct "the defendant must show that the statement in question was false, that the prosecution knew it was false, and that it was material." *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000). Defendant has failed to show how the alleged false statements were intentional or material.

Lastly, defendant reiterates his argument regarding the prosecution's concealment of a third perpetrator. Defendant claims that the prosecution's failure to indict a third perpetrator aided the prosecution's theory that defendant and Brian Witham acted as a "single unit" [*See* Doc. 169]. However, there is no connection between the prosecution's decision not to indict a third perpetrator and defendant's claim that the prosecution employed an "entity device" in order to portray the defendant and Brian Witham as a single unit [*Id.*]. As this Court has already stated in its order denying defendant's motion for a new trial and evidentiary hearing, a decision whether to prosecute rests in the prosecutor's discretion. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Additionally, defendant has failed to show how the prosecution's decision not to indict a third person materially affected his trial. To do so, defendant must show that the undisclosed fact would have created a "reasonable probability" of a different result. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). Whether there is a reasonable probability of a different result depends on whether, in the absence of the undisclosed fact, the defendant received a fair trial. *Id.* Additionally, "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109-110 (1976). Defendant has not provided any evidence or argument as to how the existence of a third perpetrator would make it reasonably probable that there would be a different result. In any event, even if the existence of a third, unindicted suspect would have materially affected the outcome of this trial, the prosecution did not hide that fact from defendant or the jury. As this Court has already articulated, "the government did not ignore the potential presence or participation of other individuals in the criminal enterprise either at trial or in its filings with the Court" [Doc. 199].

## II. Conclusion

Ultimately, defendant has failed to provide any reason for the Court to reconsider its order denying his motion for an evidentiary hearing. He has provided no intervening change of controlling law, no new evidence, and no reason why there has been a clear error of law or manifest injustice. Instead, he has only reiterated his original arguments for the third time.

Accordingly, the Court finds no basis on which to reconsider its prior ruling [Doc. 257] on defendant's motion to rule on an "outstanding motion." Defendant's motion for reconsideration [Doc. 259] is therefore **DENIED**. Defendant's motion for indicative ruling on reconsideration [Doc. 263] is also **DENIED AS MOOT.**

IT IS SO ORDERED.

                                              s/ Thomas A. Varlan<u>                </u>
                                              UNITED STATES DISTRICT JUDGE