UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL BENANTI, ) <br> ) <br> Defendant. ) | No.: 3:15-CR-177-TAV-DCP-1 |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's *pro se* motion for relief from final judgment under Rule 60(b)(1) and (b)(3) of the Federal Rules of Civil Procedure [Doc. 268]. Defendant seeks relief from his convictions, alleging that they were based on fraud, misrepresentation, or misconduct by the government—arguments the Court has addressed several times before [*see* Docs. 199, 257, 285]. Defendant also, again, requests an evidentiary hearing and asks the Court to impose sanctions on counsel for the government. For the reasons stated below, defendant's motion will be denied.

Defendant was convicted by jury trial on February 14, 2017 of numerous crimes, including but not limited to conspiracy to commit robbery and extortion, possession of a firearm in furtherance of the conspiracy, and attempt to commit bank extortion [Doc. 143]. Defendant then filed a post-verdict motion for new trial [Doc. 169] based on alleged prosecutorial-misconduct, which the Court denied [Doc. 199]. The Sixth Circuit affirmed defendant's convictions on appeal. *United States v. Benanti*, 755 F. App'x 556 (6th Cir. 2018), *cert denied*, 139 S. Ct. 1645 (2019). Specifically addressing defendant's

prosecutorial-misconduct allegations, the court found that "the record contradict[ed] some of Benanti's assertions," that any new evidence was "speculative," and that "the alleged misconduct [was] unlikely to have affected [the] trial's outcome." *Id.* Accordingly, the court held that this Court did not abuse its discretion by denying defendant's motion for new trial. *Id.*

In the interim, defendant also filed a motion for ruling on the motion for new trial [Doc. 256] and a motion for reconsideration [Doc. 259], again alleging prosecutorial-misconduct—both of which the Court denied—before filing the instant motion under Rule 60(b). Defendant now asks this Court to again consider his prosecutorial-misconduct claim in the "proper vehicle" of a 60(b) motion.

Federal Rule of Civil Procedure 60(b) allows a civil litigant the opportunity to seek relief from a final judgment under certain circumstances. *See* Fed. R. Civ. P. 60(b). The applicability of Rule 60 is limited, however, to civil cases and thus "may not be used to disturb a criminal sentence or conviction." *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011) (citations omitted). Additionally, a Rule 60(b) motion where the movant attempts to use such motion to relitigate the merits of a claim must be denied. *United States v. Stone*, 68 F. App'x 563, 565 (6th Cir. 2003) (citing *Mastini v. American Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d. Cir. 1966)).

Here, defendant seeks to use a Rule 60(b) motion to vacate his conviction while attempting to relitigate the merits of his prosecutorial-misconduct claim. In fact, defendant admits he "raised most of the issues presented here in his Rule 33 motion for a new trial" [Doc. 268, p. 7]. The Court declines, once again, to address these arguments.

The proper vehicle for attempting to vacate a conviction would be a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. To the extent defendant attempts to "add a new ground for relief" in the instant motion, the Court could construe defendant's motion as one under § 2255. *See In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). However, defendant has specifically requested that this Court refrain from interpreting his Rule 60(b) motion as a motion under § 2255 [Doc. 281]. Therefore, the Court declines to interpret the instant motion in that way.

Regarding the hearing requested by defendant, neither the local rules of this Court nor the Federal Rules of Civil Procedure provide for a hearing on a Rule 60(b) motion as a matter of right. *See, e.g., Buck v. U.S. Dep't of Agric. Farmers Home Admin.*, 960 F.2d 603, 609 (6th Cir. 1992). This is especially true here, given the inapplicability of that civil rule and the fact that a hearing would not resolve any factual disputes. *See id*. Accordingly, the Court declines to hold an evidentiary hearing on defendant's motion.

Defendant's motion for relief from a final judgment and request for an evidentiary hearing [Doc. 268] is **DENIED**. Defendant's motion to reserve his § 2255 motion [Doc. 281] is also **DENIED** as moot.

IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE