UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

MICHAEL BENANTI, )
 )
    Petitioner, )
 )
v. )   Nos.: 3:20-CV-194-TAV-DCP
 )        3:15-CR-177-TAV-DCP-1
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## JUDGMENT ORDER

For the reasons stated in the memorandum opinion filed contemporaneously, petitioner's 28 U.S.C. § 2255 motion [Doc. 1] and petitioner's counsel's supplemental motion [Doc. 34] are hereby **GRANTED in part and DENIED in part**. Petitioner's convictions as to Counts Two, Four, Eight, Eleven, Fifteen, Eighteen, and Twenty-two are hereby **VACATED**. The Clerk is **DIRECTED** to **CORRECT** petitioner's sentence as follows:

- Petitioner shall retain life sentences as to Counts Three, Seven, Nine, Ten, Fourteen, Sixteen, Seventeen, Twenty-one, and Twenty-three (with Counts Nine, Sixteen, and Twenty-three to be merged) to be served concurrently;

- Petitioner shall retain a sentence of 240 months as to Count One to be served concurrently with the above counts;

- Petitioner shall retain a sentence of 180 months as to Counts Five, Twelve, and Nineteen to run concurrently with each other and the above counts; and

- Petitioner shall be sentenced to a 60-month term of imprisonment as to Count Six and shall retain two 25-year terms of imprisonment as to Counts Thirteen and Twenty, all to be served consecutively to each other and the above counts.

Thus, in sum, petitioner's sentence shall be corrected to an aggregate term of imprisonment of life in addition to 55 years of imprisonment, which will run consecutively to petitioner's other sentences.

This action is **DISMISSED**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by petitioner for leave to proceed in forma pauperis on appeal is **DENIED**. *See* Fed. R. App. P. 24. Any appeal from this order will be treated as an application for a certificate of appealability, which is hereby **DENIED** because petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

LeAnna R. Wilson
CLERK OF COURT