UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MICHAEL BENANTI, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:20-CV-194-TAV-DCP |
| | ) | 3:15-CR-177-TAV-DCP-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are numerous motions [*E.g.*, No. 3:20-CV-194-TAV-DCP Docs. 20, 28; No. 3:15-CR-177-TAV-DCP-1 Docs. 312, 313], which the Court addresses in other contemporaneously-filed orders. The purpose of this opinion and order is to impose sanctions for petitioner's repeated frivolous and already-addressed filings.

Pursuant to its inherent powers, a court in the Sixth Circuit may impose sanctions to curb vexatious, bad faith litigation. *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512, 516 (6th Cir. 2002). "The purpose of sanctions is to deter the abuse of the legal process." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010). Although an absolute bar to further litigation is too broad, a court may "require one who has abused the legal process to make a showing that a tendered [filing] is not frivolous or vexatious before permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996).

The Court finds that sanctions are necessary. Petitioner has repeatedly made numerous frivolous filings in both his civil and criminal cases that have exhausted a

significant amount of the Court's time and resources, and these filings have prevented the Court from devoting time and energy to non-frivolous cases filed by other litigants. *See Zatko v. California*, 502 U.S. 16, 17 (1991). Moreover, petitioner's motions continuously raise claims that the Court has rejected many times, such as his claims for prosecutorial misconduct. Despite the Court's repeated explanations that petitioner's arguments are meritless, he continues to waste judicial time and resources refiling the same arguments. Accordingly, under its inherent power, the Court will impose sanctions and limit petitioner's ability to file additional motions in this matter. <u>Should petitioner wish to file any further motions in this action, he must obtain express permission of the Court, and a magistrate judge must certify that the motion is not frivolous.</u> *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (upholding the district court's requirement that prolific litigators obtain leave of court before filing any further complaints). The Court has considered other sanctions, but, given petitioner's pattern of conduct as well as his current incarceration, the Court concludes that frivolity review is the appropriate sanction.

Specifically, petitioner must follow the following procedure to obtain the Court's permission to file documents:

1. Petitioner must mail a copy of the proposed document to the Clerk's office.
2. Petitioner must file a "Motion Pursuant to Court Order Seeking Leave to File" with the proposed document. As an exhibit, petitioner must attach a declaration or sworn affidavit certifying that the proposed document:

(1) does not raise an issue that has already been raised; (2) does not present frivolous issues; and (3) was not filed maliciously or in bad faith.

Upon receipt, the Clerk's office shall route the proposed document and "Motion Pursuant to Court Order Seeking Leave to File" to the appropriate magistrate judge for review.

For the reasons explained above, the Court hereby **ORDERS** sanctions to the extent specified above. The Clerk is **DIRECTED** to docket any further filings in this matter as a "motion for leave to file," and direct such motion to the appropriate magistrate judge for frivolity review.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3